381 A.2d 877

COMMONWEALTH of Pennsylvania

v.

Dwight TRIPLETT, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1977.

Decided Dec. 23, 1977.

Martin J. Kilstein, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Adrian L. DiLuzio, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In this appeal from a denial of relief under the Post Conviction Hearing Act,[1] appellant contends that 1) trial counsel was ineffective because he did not adequately advise appellant of his appellate rights before recommending a plea

---

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1977).

of guilty; and 2) the trial court erred in accepting appellant's guilty plea without first conducting an adequate colloquy to explain the nature of the charges and the scope of the rights appellant was surrendering. Because the first contention lacks merit and the second contention has not been properly preserved for our review, we affirm.

On December 24, 1971, a 14 year old male was fatally stabbed outside a restaurant in Philadelphia. On April 7, 1972, while in custody on an unrelated matter, appellant was transported by members of the Philadelphia Police Department to the Police Administration Building for questioning in connection with the fatal stabbing. At the time of the questioning, appellant was sixteen years old. Despite police efforts to contact appellant's mother, neither appellant's parents nor his attorney were present when appellant waived his *Miranda* rights[2] and made an incriminating statement. Appellant was subsequently indicted for murder, aggravated robbery, carrying a concealed deadly weapon and conspiracy. A pre-trial motion to suppress appellant's statement, argued by appellant's trial counsel on September 25, 1972, was denied and the statement ruled admissible.

Appellant's jury trial commenced on September 10, 1973. On the third day of trial, a plea bargain was made and appellant changed his plea to guilty on the murder indictment. The Commonwealth certified that the charge rose no higher than murder of the second degree, made a recommendation that the sentence be no greater than six to fifteen years and run consecutively to an unrelated two to ten year sentence for second degree murder appellant was currently serving, and nol prossed the indictments on the other three charges. After a colloquy on the record, the court accepted the guilty plea and imposed a sentence of not less than six nor more than fifteen years imprisonment in the State Correctional Institution at Graterford, the location request-

2. See *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ed by appellant. Appellant was advised of his appellate rights and waived post-verdict motions. No direct appeal was taken.

On October 2, 1974, appellant filed an uncounseled petition under the Post Conviction Hearing Act which was dismissed without appointment of counsel or a hearing. Upon appeal, this Court remanded the record for a determination of whether appellant's request for appointment of PCHA counsel should be granted and to allow the filing of an amended petition. *Commonwealth v. Triplett*, 467 Pa. 510, 359 A.2d 392 (1976). Following the appointment of counsel, an amended petition for post-conviction relief was filed. After an evidentiary hearing, the PCHA court denied relief, finding that 1) appellant's pre-trial confession was voluntary, 2) trial counsel competently advised appellant concerning the change of plea, and 3) the guilty plea was not primarily motivated by appellant's confession. This appeal followed.[3]

 When appellant entered his plea of guilty, he waived his right to challenge anything but the legality of his sentence and the voluntariness of his plea. *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974); *Commonwealth v. McNeill*, 453 Pa. 102, 305 A.2d 51 (1973). Accordingly, appellant waived his right to challenge in this appeal the voluntariness of his statement.[4] In an apparent attempt to avoid this waiver and have this Court consider the correctness of the suppression court's ruling, appellant challenges the effectiveness of his trial counsel. He asserts that trial counsel failed to advise him that, if found guilty following trial, appellant could attack on appeal the admissibility of

3. We hear this appeal pursuant to the Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11 (Supp.1977), and the Appellate Court Jurisdiction Act, Act of July 31, 1970, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977).

4. Appellant has not appealed from the PCHA court's denial of relief on his claim that his guilty plea was unlawfully induced by the existence of the incriminating statements obtained in violation of his constitutional rights. *Commonwealth v. Garrett*, 425 Pa. 594, 229 A.2d 922 (1967).

his statement and neglected to evaluate with appellant the likelihood of a successful appeal.[5]

Appellant argues at length the merits of the asserted *McCutchen*[6] and *Futch*[7] violations which he maintains rendered his statement inadmissible. Our inquiry however must be confined to determining whether the particular course chosen by trial counsel had some reasonable basis designed to effectuate appellant's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Trial counsel spoke with appellant five or six times prior to trial. He filed and argued a motion to suppress appellant's statement, discussing the merits of the motion with appellant. After the motion was denied, counsel knew appellant's statement would be admissible at trial and could lead to a conviction of murder of the first or second degree. Trial counsel advised appellant that his prior plea of guilty to murder generally in an unrelated case increased the likelihood of a severe sentence following a conviction after trial. Trial counsel testified that his primary concern was to obtain the most lenient sentence possible. This concern was shared by appellant who testified that he decided to plead guilty because "he did not want to do a lot of time." Indeed, when trial counsel first informed appellant of an offer by the Commonwealth to recommend an eight to twenty year sentence, appellant said the sentence was too great; counsel renegotiated and obtained an offer of six to fifteen years, the sentence subsequently imposed. In addition, pursuant to the plea bargain negotiated by counsel, the Commonwealth certified that the murder rose no higher

5. This is the first time appellant has been represented by counsel other than his trial counsel. Accordingly, appellant's ineffective assistance of trial counsel claim has not been waived since this was appellant's first opportunity to raise it. *Commonwealth v. Lewis*, 463 Pa. 180, 344 A.2d 483 (1975); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

6. *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975).

7. *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).

than second degree and nol prossed the charges of aggravated robbery, carrying a concealed deadly weapon and conspiracy.

The test for competency "is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record," but whether counsel's assessment of appellant's case and his advice were reasonable. *Commonwealth ex rel. Washington v. Maroney,* supra at 604, 235 A.2d at 352–53. At the time appellant's motion to suppress was decided and at the time his plea of guilty was entered, appellant's youth was but one factor to be considered in determining whether the waiver of *Miranda* rights was knowing and his statement voluntary. *Commonwealth v. Roane,* 459 Pa. 389, 329 A.2d 286 (1974) (plurality opinion); *Commonwealth v. Fogan,* 449 Pa. 552, 296 A.2d 755 (1973); *Commonwealth v. Moses,* 446 Pa. 350, 287 A.2d 131 (1971). Likewise, the delay between arrest and arraignment was but one factor to be considered in determining whether statements must be suppressed because of the delay. *Commonwealth v. Rowe,* 459 Pa. 163, 327 A.2d 358 (1974); *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). We cannot impose upon trial counsel the qualities of a seer and fault him for not foreseeing that this Court would finally adopt per se rules as to juvenile waivers of *Miranda* rights, *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975), and delay between arrest and arraignment, *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977).[8] For this reason, we examine counsel's stewardship under the standards as they existed at the time of his action, *Commonwealth v. Hill,* 450 Pa. 477, 301 A.2d 587 (1973); *Commonwealth v. Garrett,* supra; and counsel will not be deemed ineffective for failing to predict future developments in the

8. Appellant may not avail himself of these per se rules on collateral attack. The rule announced in *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977), was expressly made applicable only to those cases in which arrest occurred after the date of the opinion, March 16, 1977. Likewise the rule announced in *Commonwealth v. McCutchen,* supra, has been made applicable only to those cases on direct appeal. *Commonwealth v. Harvell,* 473 Pa. 418, 374 A.2d 1282 (1977).

■■■■■■■

law. See *Commonwealth v. Logan*, 468 Pa. 424, 364 A.2d 266 (1976); *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971).

In light of the circumstances, it is apparent that trial counsel's recommendation to appellant that he plead guilty was a reasonable course of action. See *Commonwealth v. Henderson*, 441 Pa. 255, 272 A.2d 182 (1971). Thus, trial counsel cannot be deemed ineffective. *Commonwealth ex rel. Washington v. Maroney*, supra.[9]

■■■■■ Appellant's second contention, that the trial court erred in accepting appellant's guilty plea without first conducting an adequate colloquy, was not raised at the PCHA hearing. The well-established doctrine that appellate courts will not entertain arguments raised for the first time on appeal, *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), applies with equal force to appeals from collateral hearings. *Commonwealth v. Henderson*, supra; *Commonwealth v. James*, 440 Pa. 205, 269 A.2d 898 (1970); *Commonwealth v. Payton*, 431 Pa. 105, 244 A.2d 644 (1968). Accordingly, this issue has been waived.[10]

Order affirmed.

MANDERINO, J., concurs in the result.

9. Moreover, before entering his guilty plea, appellant was well aware that by pleading guilty he would not be able to challenge on appeal the admissibility of his statement. Trial counsel testified that he advised appellant of the nature of his appellate rights following a plea, and appellant admitted he was told that if he pled guilty he would give up the right to contest the voluntariness of his statement. During the on-the-record colloquy, the court, prosecutor and defense counsel all informed appellant of the rights he was waiving, including the right to challenge the admissibility of his statement, and of his limited appellate rights following acceptance of the guilty plea. While an on-the-record recitation of appellant's rights cannot substitute for the effective advice of counsel in weighing important considerations, it does militate against appellant's general allegation that he was not informed of the rights he was surrendering.

10. Although the issue of waiver as to appellant's second contention has not been addressed by either party, we may raise the issue of waiver sua sponte. *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d

611 (1975); *Commonwealth v. Hines,* 461 Pa. 271, 336 A.2d 280 (1975).