388 A.2d 1056

**COMMONWEALTH of Pennsylvania**

v.

**Thomas ROACH, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 9, 1978.

Decided July 14, 1978.

530

Allen N. Abrams, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In 1969, a jury convicted appellant of murder of the first degree for killing the manager of a bar while committing a robbery. The court denied post-verdict motions. This Court affirmed judgment of sentence. *Commonwealth v. Roach*, 444 Pa. 368, 282 A.2d 382 (1971). In 1975, appellant, represented by new counsel, filed a petition under the Post-Conviction Hearing Act,[1] alleging ineffectiveness of trial counsel. The PCHA court denied the petition. We affirm.[2]

Appellant did not raise ineffectiveness of trial counsel on direct appeal. He has not waived that issue, however, because he was represented on direct appeal by his trial counsel. "The failure to raise on direct appeal a claim of ineffectiveness of trial counsel does not constitute a waiver where an appellant is represented on appeal by his trial counsel." *Commonwealth v. Fox*, 476 Pa. 475, 478, 383 A.2d 199, 200 (1978); accord, *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

Counsel will not be held ineffective unless no reasonable basis exists for his course of action. *Commonwealth v. White*, 476 Pa. 350, 382 A.2d 1205 (1978); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). It is reasonable for counsel to decline to file motions or enter

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1978).

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, art. II, P.L. 673, § 202(1), 17 P.S. § 211.202(1) (Supp.1978), and the Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11 (Supp.1978).

objections which are without merit, *Commonwealth v. Davis*, 470 Pa. 193, 368 A.2d 260 (1977), reasonably certain to fail, *Commonwealth v. White*, supra, or unsupported by law existing at the time of the proceedings. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Logan*, 468 Pa. 424, 364 A.2d 266 (1976); *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971).

"The test for competency 'is not whether other alternatives were more reasonable, implying a hindsight evaluation of the record,' but whether counsel's assessment of appellant's case and his advice were reasonable. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. at 604, 235 A.2d at 352–53."

*Commonwealth v. Triplett*, 476 Pa. at 89, 381 A.2d at 880.

■ Appellant asserts that trial counsel were ineffective because they failed to file a motion to suppress an inculpatory statement as the product of unreasonable delay under Pa.R.Crim.P. 118 (now Rule 130). Appellant was arrested at about 11:15 P.M., December 19, 1967. The police conducted a search of appellant's apartment and then brought him to the stationhouse about 1:00 A.M., December 20. While the investigating officer completed the necessary paperwork, appellant was placed in an interview room until about 2:30 A.M., when the officer prepared a summary sheet of appellant's vital statistics. Appellant remained in the interview room from about 2:45 A.M. until about 3:05 A.M. At that time, the officer interviewed appellant until 4:50 A.M. Appellant then requested to call his brother, with whom he spoke for ten minutes. After the call, appellant told the officer, "get plenty of paper," because he was prepared to give a statement about the killing. Appellant began giving the statement just after 5:00 A.M. and completed it at 8:05 A.M.

Counsel was not ineffective for failing to file a motion to suppress appellant's statement as the product of unreasonable delay. First, at the time of appellant's arrest in 1967, this Court had not yet held that unreasonable delay was itself a grounds for suppression of statements. *Common-*

*wealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). Thus, counsel could not be faulted for declining to make a motion unsupported by existing law. *Commonwealth v. Triplett,* supra. Moreover, although appellant was in detention for nearly six hours before he gave his statement, most of that time was consumed in administrative processing. He was subjected to less than two hours of interrogation and, because he offered to make his statement immediately after consulting with his brother, it appears that the statement was not the product of delay. Counsel therefore could reasonably have believed a motion alleging unreasonable delay would certainly fail. *Commonwealth v. White,* supra.

■ Similarly, appellant asserts that counsel were ineffective because they did not seek to suppress the statement on the grounds that appellant, seventeen years old when arrested, did not receive aid and advice of an informed adult or guardian. This Court did not establish the rule that a minor's statement must be suppressed unless he first had the benefit of informed adult guidance until *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975), long after appellant's trial. "We cannot impose upon trial counsel the qualities of a seer and fault him for not foreseeing" future decisions of this Court. *Commonwealth v. Triplett,* 476 Pa. at 89, 381 A.2d at 881. Thus, counsel were not derelict in failing to raise this issue. Id.

■ Appellant argues that counsel were ineffective because they did not request the trial court to instruct the jury that involuntary manslaughter was a permissible verdict when murder was charged. At the time of trial in 1969, this Court had not yet indicated that a defendant charged with murder might be entitled, upon request to a jury instruction that involuntary manslaughter is a permissible verdict. Counsel was therefore not ineffective for failing to request such an instruction.

■ Appellant contends that counsel were ineffective because they allegedly failed to attempt to interview alibi witnesses or a hospital nurse who examined appellant short-

ly after his arrest. Appellant testified at the PCHA hearing in 1976 that the alibi witnesses would have testified that he was at a party at the time of the crime and that the nurse, in support of appellant's allegation that he was beaten before giving his statement, would have testified that he had an earache. Appellant stated at the hearing that he informed one of his counsel of the witnesses but counsel never interviewed any of them. Counsel testified that he could not remember what he had done seven years before. The record fails to support appellant's claim.

Appellant admitted at the hearing that counsel attempted to locate the alibi witnesses but was unable to do so. Appellant produced no evidence that counsel's attempt was insufficient or unreasonable under the circumstances. Similarly, appellant offered no evidence that counsel failed to interview the nurse. Counsel at a suppression hearing stated that he planned to interview the nurse and appellant has not provided any reason to believe that counsel did not carry out his intention. To obtain post-conviction relief upon a claim of ineffective assistance of counsel, a petitioner must meet a burden of demonstrating that counsel failed to perform some act and that this omission had no reasonable basis. *Commonwealth ex rel. Washington v. Maroney,* supra. Aside from his bare assertions, appellant did not offer the PCHA court any reason to believe that counsel had failed to investigate the witnesses. Appellant therefore failed to sustain his burden of demonstrating ineffective assistance of counsel.

■ Finally, appellant argues that counsel were ineffective for failing to challenge the validity of the search warrant on grounds besides probable cause. Appellant, however, has not pointed to any defect in the warrant nor indicated any argument counsel should have raised. Accordingly, appellant has not satisfied the burden of demonstrating that counsel neglected to provide adequate representation. Id.

Order affirmed.

MANDERINO, J., concurs in the result.