417 A.2d 729

**COMMONWEALTH of Pennsylvania**

v.

**Joseph T. SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued July 31, 1979.

Filed Dec. 28, 1979.

Lewis J. Gordon, Philadelphia, for appellant.

Jonathan Schiffman, Assistant District Attorney, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the decree of the Court of Common Pleas of Philadelphia County, Criminal Division, Trial Section, after defendant's conviction by a jury of third degree murder. Defendant was convicted on October 6, 1977 and sentenced on November 29, 1977 to a prison term of five to fifteen years.

On April 23, 1977, the defendant argued with his paramour, a Mildred Hodges, in their home. During the course of the evening the defendant beat Mrs. Hodges several times, striking her with his fists and banging her head on a table. On April 24, 1977, the victim's mother found her unconscious in the house and summoned the police. Ms. Hodges was then removed to a hospital where she died from her injuries three days later.

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

Defendant's counsel filed no post-trial motions as the record reveals that he did not believe that any meritorious issues existed which would justify the grant of relief. The defendant then filed a pro se appeal and counsel was later appointed to represent him at the appellate level. Defendant's three allegations of error all concern a claim of ineffective assistance of counsel which should have been raised in post-trial motions pursuant to Pennsylvania Rules of Criminal Procedure No. 1123. Therefore, it is arguable, at least, that the defendant has waived his right to pursue a claim of ineffective assistance of counsel as he never raised these issues via post-trial motions. See *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). However, since all of defendant's allegations of ineffective assistance of counsel can be resolved from the record we will address such issues here.

Defendant's first allegation of error is that the counsel was ineffective for failing to move for the consolidation of an involuntary manslaughter charge with the charge of murder and voluntary manslaughter. Originally, the defendant had been charged with involuntary manslaughter as well as murder and voluntary manslaughter. The Commonwealth had agreed to nolle pros the involuntary manslaughter charge and defendant's counsel went along with this decision. The defendant's version of the incident was that the victim had tried to grab him as he was coming out of the kitchen and that he flung her arm away from him throwing her up against a wall which actions resulted in her injuries and death. This version of the facts arguably could have supported a verdict of involuntary manslaughter. However, the record reveals that trial counsel's strategy was to obtain a complete acquittal of the defendant on all charges. Following this strategy, it was indeed reasonable for trial counsel to agree to the nolle pros of the involuntary manslaughter charge as the defendant's story, if believed by a jury, would not have supported a verdict for either murder or voluntary manslaughter. Had that been the case, the defendant could not have been tried subsequently on the

involuntary manslaughter charge because of the decisions in *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974). This strategy was entirely reasonable and was pursued in the best interest of his client. Thus, it is apparent that this particular course of action pursued by trial counsel had some reasonable basis, designed to effectuate his client's interest and as such did not amount to ineffective assistance of counsel. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). As such we hold that the defendant's first allegation of error is without merit.

Defendant's second allegation of error is that his trial attorney was ineffective for failing to object to certain remarks made by the prosecutor to the jury. During the Commonwealth's summation the prosecutor had stated several times that "I'm the last person to speak for Mildred Hodges" and had questioned the relevance of defendant's trial counsel's remarks to the effect that the victim was an alcoholic. The prosecutor pointed out that several of the witnesses had said nothing bad about the victim and had pointed out on several occasions that the victim was dead. A review of the remarks of which defendant complains reveals that they are fair comments on the evidence presented at the trial and cannot be construed as an inflammatory appeal to the jury's emotions. A prosecutor is entitled to make fair comments on the evidence and to suggest to the jury appropriate inferences from that evidence. *Commonwealth v. Revty*, 448 Pa. 512, 295 A.2d 300 (1972). However, every improper remark by a prosecutor does not automatically necessitate a new trial. The language used by the prosecutor must be such that its unavoidable effect would be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant, so that its members could not weigh the evidence and render a true verdict. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975). In the instant case the prosecutor's remarks were confined to testimony adduced from the witnesses and inferences deducible therefrom. Therefore, the remarks are not grounds for a new trial.

■ Defendant's third allegation of error is that his trial counsel was ineffective for failing to request an involuntary manslaughter charge from the court. The gist of defendant's claim is that his trial counsel should have insisted on an involuntary manslaughter charge.

On October 7, 1977, the Supreme Court held that the lower court's refusal to grant defendant an involuntary manslaughter charge when requested by the defendant under circumstances somewhat similar to those in our case was error and that the defendant was entitled to such a charge even though there was no indictment for involuntary manslaughter. *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977) and *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977). In our case there was some evidence that arguably would have supported such a charge (defendant's statement that he pushed the victim when she attacked him while drunk and that his push resulted in her injuries and death). However, the last day of defendant's trial was October 6, 1977. An attorney cannot be held to be ineffective for failing to anticipate a change in the law. Counsel is not required to predict future developments in the law. *Commonwealth v. Roach*, 479 Pa. 528, 388 A.2d 1056 (1978); *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Ray*, 483 Pa. 377, 396 A.2d 1218 (1979). It matters not that the change in the law came one day after the last date of defendant's trial. On October 6, 1977, defendant's counsel was in no better position to anticipate a change in the law than if the trial had taken place years earlier. An attorney cannot be held responsible for knowing the inner workings of any appellate court nor be held responsible for failing to predict a vote of any particular jurist on a specific issue of law. Any such holding would carry the doctrine of ineffective assistance of counsel beyond rational limits.

■ In addition, any involuntary manslaughter charge would have been inconsistent with trial counsel's strategy of attempting to obtain an outright acquittal on all the charges. See *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d

378 [Opinion by Nix, J., 1979]. Therefore, we hold that the defendant's allegations of error are all without merit.

Judgment of sentence affirmed.

MANDERINO, J., concurs.

This decision was reached prior to the death of MANDERINO, J.

MANDERINO, Judge, concurring:

I concur in the result reached by the other members of the panel in this case since the panel, sitting as a Superior Court panel, follows the decision of the Supreme Court in *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979), which controls this case. When sitting as a member of the Supreme Court, as distinguished from my present duties, sitting by special designation as a member of Superior Court, I have expressed a contrary view. *Commonwealth v. Musi, supra,* (Manderino, J., dissenting).