413 A.2d 384

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Johnny Lee ELLIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 3, 1980.
Decided April 25, 1980.

Robert F. Palmquist, Monaca, for appellant.

John Lee Brown, Asst. Dist. Atty., Beaver, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

EAGEN, Chief Justice.

Johnny Lee Ellis appeals from an order of the Court of Common Pleas of Beaver County which denied Ellis' amended post-conviction petition after a counselled hearing. For the reasons that follow, we affirm.

The record reveals the following:

On September 13, 1976, Ellis was arrested on charges of murder, voluntary manslaughter, and involuntary manslaughter in connection with the shooting death of Robert Thompson. After a jury trial, Ellis was found guilty of voluntary manslaughter. Post-verdict motions were denied, and Ellis was sentenced to serve a term of four to eight years imprisonment, to pay the costs of prosecution, and to pay a fine of $500. Ellis filed a direct appeal in this Court limited to the issue of the sufficiency of the evidence to sustain the voluntary manslaughter conviction. On November 2, 1978, we affirmed the judgment of sentence in a per curiam opinion. *Commonwealth v. Ellis*, 481 Pa. 528, 393 A.2d 30 (1978).

On February 26, 1979, Ellis filed a pro se petition under the Post Conviction Hearing Act [hereinafter: PCHA], Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp. 1979–1980). Counsel, other than trial counsel, was appointed to assist Ellis, and an amended petition was filed on June 1, 1979. After a counselled hearing, relief was denied. This appeal followed.

Ellis complains he was denied effective assistance of counsel because trial counsel failed to object to and subsequently assign as error on appeal the trial judge's withdrawal of the charge of involuntary manslaughter from the jury.[1] Essentially, this is a complaint concerning trial counsel's failure to request a charge on involuntary manslaughter. Ellis contends that, since there was evidence at trial on which a verdict of involuntary manslaughter could have been based, involuntary manslaughter was a permissible verdict and should have been presented for the jury's consid-

---

1. The issue of ineffective assistance of trial counsel is not waived for failure to raise the issue on direct appeal. Trial counsel represented Ellis during post-verdict motions and on direct appeal. New counsel, other than trial counsel, was appointed to represent Ellis for the first time during the post-conviction proceedings. New counsel properly raised the effective assistance claim at the first possible opportunity, i. e., at the post-conviction stage. Accordingly, the issue is properly before us. Cf. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977).

eration. Ellis relies on the rationale in *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977), wherein the opinion announcing the decision of the Court stated that, since June 6, 1973, the effective date of the new Pennsylvania Crimes Code, 18 Pa.C.S.A. § 101, *et seq.* (1973), a defendant is entitled, upon request, to a charge of involuntary manslaughter where evidence is present, from whatever source, which would permit the fact-finder to return a verdict of involuntary manslaughter.

■ Trial counsel's assistance is constitutionally effective once we are able to conclude that the particular course chosen by trial counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Instantly, trial counsel had a reasonable basis for not objecting to the trial judge's withdrawal of the charge of involuntary manslaughter from the jury; accordingly, trial counsel was not ineffective.

■ At the PCHA hearing, trial counsel testified that he believed Ellis would be convicted of voluntary manslaughter or acquitted by reason of self-defense. Trial counsel stated that the evidence did not support an involuntary manslaughter verdict, and that he did not want a "compromise" verdict, namely involuntary manslaughter, to be presented to the jury. Trial counsel wanted to preserve Ellis' chance for outright acquittal because Ellis was on parole at the time of the shooting, and any conviction would probably result in a revocation of parole. We have recently held that trial counsel's failure to request a charge on involuntary manslaughter, in order to preserve the possibility of an outright acquittal based on acceptance of the defense version of the criminal occurrence, is a permissible trial strategy designed to effectuate the best interests of trial counsel's client. *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979). Instantly, trial counsel's strategy was to eliminate a compromise verdict and to preserve the possibility of an outright

acquittal; accordingly, trial counsel cannot be deemed ineffective.

Order affirmed.