J-A14021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN MALTESE | : | |
| | : | |
| Appellant | : | No. 3210 EDA 2017 |

Appeal from the PCRA Order September 5, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002659-2015

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                         **FILED AUGUST 29, 2018**

Appellant, John Maltese, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We summarize the procedural history of this case as follows.   On August 4, 2014, Appellant and Robert Bisbing ("Victim") had a physical altercation that began on the street in front of Appellant's home and ended on Appellant's front lawn.  In an information filed on June 1, 2015, Appellant was charged with simple assault, harassment, disorderly conduct, terroristic threats, and aggravated assault.[1]  On July 6, 2016, at the conclusion of a two-day trial, a jury convicted Appellant of all crimes charged.  On March 17, 2017,

---

[1]   18 Pa.C.S. §§ 2701(a)(1), 2709(a)(1), 5503(a)(1), 2706(a)(1), and 2702(a)(1), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

the trial court sentenced Appellant to serve a term of incarceration of two to five years for the conviction of aggravated assault and a consecutive term of probation of five years for the conviction of terroristic threats. Appellant filed a timely direct appeal, which was discontinued on April 20, 2017.

On June 16, 2017, Appellant filed the instant PCRA petition. On August 9, 2017, the Commonwealth filed an answer and motion to dismiss the PCRA petition. Pursuant to Pa.R.Crim.P. 907, on August 21, 2017, the PCRA court filed a notice of intent to dismiss the PCRA petition. Appellant filed a response on August 22, 2017. The PCRA court dismissed Appellant's petition on September 5, 2017. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

I. Whether the lower court erred in concluding that for purposes of the self-defense castle doctrine,[2] a dwelling is limited to the interior of a person's home, and that, therefore, trial counsel cannot be deemed ineffective for failing to request a castle doctrine jury instruction where an assault occurred on Appellant's front lawn?

Appellant's Brief at 4.

Appellant argues that trial counsel was ineffective in failing to request that the trial court give the "castle doctrine" jury instruction. Appellant's Brief

---

[2] "[T]he castle doctrine is a specialized component of self-defense, which recognizes that a person has no duty to retreat from his or her home before using deadly force as a means of self-defense." ***Commonwealth v. Childs***, 142 A.3d 823, 825 n.1 (Pa. 2016). The doctrine is codified in the self-defense statute at 18 Pa.C.S. § 505(b)(2.1).

at 13-19. Specifically, Appellant contends the jury should have been instructed that Appellant had no duty to retreat from Victim, and Appellant was presumed to have a reasonable belief the use of force was necessary to protect himself from serious bodily injury because Victim forced himself into Appellant's yard by tackling Appellant. *Id*. at 16-17. Appellant claims the PCRA court erred in concluding that a front lawn cannot be considered a dwelling for purposes of the castle doctrine.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Appellant challenges the effective assistance of his trial counsel. Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked

a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001).

We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting ***Commonwealth v. Miller***, 431 A.2d 233 (Pa. 1981)).

Our Supreme Court has discussed "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (quoting ***Commonwealth ex rel. Washington v. Maroney***, 235 A.2d 349 (Pa. 1967)) (emphasis in original).

In addition, we are mindful that prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Pierce***, 786 A.2d at 213. "A failure

to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citing *Commonwealth v. Sneed*, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Baker*, 880 A.2d 654, 656 (Pa. Super. 2005).

It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). Moreover, we are bound by the PCRA court's credibility determinations where there is support for them in the record. *Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79 (Pa. 1998)).

It is undisputed that a trial court has wide discretion in fashioning jury instructions. *Commonwealth v. Brown*, 911 A.2d 576, 583 (Pa. Super. 2009). Indeed, a trial court is not required to give every charge that is requested by the parties, and its refusal to give a requested charge does not require reversal unless the defendant was prejudiced by that refusal. *Id*. It is equally clear that jury instructions are warranted for particular crimes or defenses only when the facts of a case support such an instruction. *Commonwealth v. Browdie*, 671 A.2d 668, 673-674 (Pa. 1996). Furthermore, our Supreme Court has held that "[t]here is no ineffectiveness

of counsel for failing to request an unwarranted [jury] instruction."
***Commonwealth v. Ragan***, 743 A.2d 390, 397 (Pa. 1999).

As noted, the castle doctrine is a specialized component of self-defense, which recognizes that a person has no duty to retreat from his home before using deadly force as a means of self-defense. ***Childs***, 142 A.3d 823,825 n.1. The castle doctrine does not affect a person's right to use deadly force within his home, but rather creates an evidentiary presumption relevant to the evaluation of such a claim of self-defense. ***Id***. at 824. Successfully asserting a justification defense such as the castle doctrine or self-defense at trial would have required some evidence to show that Appellant did not violate his duty to retreat or avoid the danger. ***See Commonwealth v. Rivera***, 108 A.3d 779, 791 (Pa. 2014) (describing requirements for justification defenses).

The castle doctrine is codified in subsection (b)(2.1) of the self-defense statute, and provides as follows:

**§ 505. Use of force in self-protection.**

* * *

**(b) *Limitations on justifying necessity for use of force.***

* * *

>   **(2.1)** Except as otherwise provided in paragraph (2.2), an actor is presumed to have a reasonable belief that deadly force is immediately necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat if both of the following conditions exist:

**(i)** The person against whom the force is used is in the process of unlawfully and forcefully entering, or has unlawfully and forcefully entered and is present within, a dwelling, residence or occupied vehicle; or the person against whom the force is used is or is attempting to unlawfully and forcefully remove another against that other's will from the dwelling, residence or occupied vehicle.

**(ii)** The actor knows or has reason to believe that the unlawful and forceful entry or act is occurring or has occurred.

18 Pa.C.S. § 505 (b)(2.1).

In addition, our legislature has provided specific definitions to particular words and phrases used in the statute. 18 Pa.C.S. § 501. Particularly relevant to this matter is the following language from Section 501:

**§ 501. Definitions.**

Subject to additional definitions contained in subsequent provisions of this chapter which are applicable to specific provisions of this chapter, the following words and phrases, when used in this chapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

* * *

**"Dwelling."** Any building or structure, including any attached porch, deck or patio, though movable or temporary, or a portion thereof, which is for the time being the home or place of lodging of the actor.

* * *

**"Residence."** A dwelling in which a person resides, either temporarily or permanently, or visits as an invited guest.

18 Pa.C.S. § 501. We note that completely lacking from the above definitions is any indication that a dwelling is to include any portion of a yard surrounding a residence.

The PCRA court addressed this claim of ineffective assistance in its notice of intent to dismiss, which the PCRA court incorporated into its opinion filed pursuant to Pa.R.A.P. 1925(a), as follows:

> 1. [Appellant] started a fight with [Victim] in the street in front of [Appellant's] residence. The fight spilled onto [Appellant's] lawn. [Appellant] eventually pinned [Victim's] shoulders to the ground, punched him in the face and slammed his head on the ground. ...
>
> * * *
>
> 3. ... [Appellant] filed a counseled PCRA petition alleging his prior trial counsel had rendered ineffective assistance by failing to request a "Castle Doctrine" jury instruction.
>
> 4. The Commonwealth filed a response arguing the instruction does not apply because the fight did not occur in [Appellant's] dwelling.
>
> Upon consideration of the foregoing, and after an independent review of the record, this [c]ourt concludes that [Appellant] is not entitled to the relief he seeks, or otherwise to any relief under the Post Conviction Relief Act, for the following reasons:
>
> 1. The Castle Doctrine instruction did not apply because the fight did not occur in [Appellant's] dwelling;
>
> 2. This [c]ourt gave the appropriate self-defense instruction and trial counsel cannot be found ineffective for failing to request an inapplicable instruction;
>
> 3. This [c]ourt would not have granted a request to provide the Castle Doctrine instruction because the facts did not support it.

Notice of Intent, 8/21/17, at 1-2.

Upon review of the record and the relevant law, we are compelled to agree with the PCRA court that the castle doctrine does not apply to the facts of this case. The record reflects Appellant testified to the fact that the altercation between Appellant and Victim began in the street in front of Appellant's home. N.T., 7/6/16, at 51-52. As the fight between the two men continued, it progressed onto Appellant's front lawn. *Id*. at 32. Our review of the record establishes that neither party presented evidence indicating that, at any point, Victim entered Appellant's "dwelling," *i.e.*, the residential structure, or attached porch, deck or patio. Accordingly, because there is no evidence that Victim entered Appellant's dwelling, a castle doctrine instruction would not have been warranted. ***Browdie***, 671 A.2d at 673-674. Hence, we conclude that trial counsel was not ineffective for failing to request an unwarranted jury instruction. ***Ragan***, 743 A.2d at 397.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Therefore, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/18