J-S26043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FREDRICK T. BROWN | : | |
| | : | |
| Appellant | : | No. 2267 EDA 2018 |

Appeal from the PCRA Order Entered July 5, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000466-2015

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED JUNE 04, 2019**

Fredrick T. Brown (Brown) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546, in the Court of Common Pleas of Monroe County (PCRA court). Brown argues that trial counsel was ineffective for failing to file a motion to suppress his blood test results on the basis of ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016)[1] or to object to the admission of evidence related to his field sobriety tests. We affirm.

---

[1] On June 23, 2016, the Supreme Court decided ***Birchfield***, holding that criminalizing a suspect's refusal to consent to a blood test violates the Fourth Amendment to the United States Constitution. ***See Birchfield***, ***supra*** at 2186.

---

* Retired Senior Judge assigned to the Superior Court.

We take the following pertinent factual and procedural background from our independent review of the certified record and the PCRA court's July 5, 2018 and September 24, 2018 opinions. On July 22, 2014, Pennsylvania State Police Trooper Andrew Depew stopped Brown after running his vehicle's license plate through the NCIC system and discovering that the car insurance had been cancelled and the registration suspended. (*See* N.T. Trial, 12/05/18, at 10). When he approached the vehicle, he could smell marijuana and saw that Brown's "eyes were red, glossy and bloodshot." (*Id.* at 11). Based on his observations, Trooper Depew administered field sobriety tests on Brown. As a result of Trooper Depew's interaction with and observations of Brown, he believed Brown to have marijuana in his system, read him the DL-26 Form, and asked him to submit to chemical testing of his blood. Brown did so. (*See id.* at 12, 14). The results of the blood test revealed the presence of a marijuana metabolite. (*See id.* at 17, 28; Commonwealth's Exhibit 3, NMS Toxicology Report).

The jury convicted Brown of Driving Under the Influence—Metabolite (DUI), 75 Pa.C.S. § 3802(d)(1)(iii), second offense, and the trial court convicted him of two summary offenses. The court sentenced him to an aggregate term of incarceration of not less than 18 nor more than 60 months and, after a hearing, denied Brown's post-sentence motion. We affirmed his judgment of sentence on April 6, 2017.

Brown then filed a PCRA petition alleging the ineffective assistance of counsel for failing to file a motion to suppress the blood test results based on **Birchfield** as well as not objecting to testimony about the field sobriety tests. The court denied the petition and Brown timely appealed.[2] Both he and the court complied with Rule 1925. **See** Pa.R.A.P. 1925.

To establish the ineffective assistance of counsel, the petitioner must prove that "the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result, *i.e.,* there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." **Commonwealth v. Laird**, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). "Appellant bears the burden of proving all three prongs; failure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." **Commonwealth v. Robinson**, 877 A.2d 433, 439 (Pa. 2005) (citations omitted).

Brown argues first that trial counsel was ineffective for failing to file a motion to suppress the results of his blood test on the basis of **Birchfield**. (**See** Brown's Brief, at 9-11). He acknowledges that **Birchfield** was not

---

[2] "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Bush**, 197 A.3d 285, 286 (Pa. Super. 2018) (citation omitted).

decided until after his sentencing, but maintains that because the issue raised in **Birchfield** had been raised in other cases, counsel was ineffective for failing to file the motion. This claim lacks merit.

As observed by the PCRA Court:

> "[W]e cannot impose upon trial counsel the qualities of a seer and fault him for not foreseeing future decisions of the [United States and Pennsylvania Supreme] Court[s]." **Commonwealth v. Roach**, 388 A.2d 1056, 1059 (Pa. 1978) (citation omitted). To that end, "an attorney cannot be held responsible for knowing the inner workings of any appellate court," and such a demand upon counsel would go "beyond rational limits." **Commonwealth v. Smith**, 417 A.2d 729, 732 (Pa. Super. 1979). As such trial counsel [] was not ineffective for failing to predict the ruling in **Birchfield** and filing an Omnibus Pretrial Motion predicated on the results of a case not decided until after [Brown] had been sentenced.

> Furthermore, [Brown] is not entitled to retroactive application of **Birchfield**. The Pennsylvania Superior Court put quite plainly that "**Birchfield** does not apply retroactively in Pennsylvania to cases pending on collateral review." **Commonwealth v. Olson**, 179 A.3d 1134, 1139 (Pa. Super. 2018). . . .

(PCRA Court Opinion, 7/05/18) (case citation formatting provided).

We agree with the sound reasoning of the PCRA Court. It properly found that Brown's claim of counsel's ineffectiveness for failing to file a motion to suppress based on **Birchfield** lacks merit. **See Laird**, **supra** at 978; **Robinson**, **supra** at 439.

Brown next argues that trial counsel was ineffective for failing to object to irrelevant trial testimony about his field sobriety tests. (**See** Brown's Brief, at 4, 10-11). He maintains that because the only issue was whether he drove

with an illegal metabolite in his blood, evidence regarding his field sobriety tests was irrelevant.[3]  (*See id.* at 10-11).

Pursuant to 75 Pa.C.S. § 3802(d)(1), "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle [if] [t]here is in the individual's blood any amount of a . . . metabolite of a [controlled] substance . . ." 75 Pa.C.S. § 3802(d)(1).  Under this provision, the Commonwealth was required to establish that Brown operated a motor vehicle with a metabolite in his blood.  Officer Depew requested the blood draw based on his observations of Brown, which included the field sobriety tests.  His mention of the tests[4] explained why he ordered the blood test.  This is not irrelevant.

Moreover, even if the testimony was irrelevant, its admission was harmless.  "[A]n error may be considered harmless . . . when the Commonwealth proves beyond a reasonable doubt that the error could not have contributed to the verdict."  *Commonwealth v. Brooker*, 103 A.3d 325, 332 (Pa. Super. 2014) (citation omitted).

Here, Trooper Depew testified that Brown was driving a motor vehicle, which was corroborated by his vehicle's camera recording.  (*See* N.T. Trial, at

_____

[3] Brown waived this issue by failing to cite any pertinent law or discussion thereof in support of his argument.  (*See* Brown's Brief, at 10-11); Pa.R.A.P. 2119(a).  However, for the sake of completeness, we will review the claim.

[4] The Commonwealth did not elicit the results of the field tests.

11, 22; Commonwealth's Exhibit 1, DVD of Motor Vehicle Record). Forensic scientist Donna Papsun testified that the minimum reporting amount of the marijuana metabolite that must be present in an individual's blood is one nanogram per millimeter. (*See* N.T. Trial, at 29). Papsun stated that Brown had 6.4 nanograms of a marijuana metabolite in his blood and the lab report entered into evidence corroborated this testimony. (*See* N.T. Trial, at 28; Commonwealth's Trial Exhibit 3, Laboratory Report). This evidence sufficiently established Brown's violation of the DUI statute. All of this make the evidence presented at trial "so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." *Commonwealth v. Robinson*, 721 A.2d 344, 350 (Pa. 1998); *see Brooker*, *supra* at 332. Brown's allegation of counsel's ineffectiveness for failing to object to the admission of testimony about the field sobriety tests, even if it was irrelevant, lacks merit.

Accordingly, we affirm the PCRA court's order denying Brown's petition because its "ruling is supported by the record and free of legal error." *Bush*, *supra* at 286.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/19