J-S59045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| IDRIS PHELPS | : | |
| Appellant | : | No. 3537 EDA 2016 |

Appeal from the PCRA Order October 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013478-2012

BEFORE: BENDER, P.J.E., OTT, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED SEPTEMBER 29, 2017**

Appellant, Idris Phelps, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas denying his first Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends PCRA counsel was ineffective for failing to argue that trial counsel was ineffective for coercing him into taking a guilty plea. We affirm.

The facts are unnecessary for our disposition. The PCRA court summarized the procedural posture of this case as follows:

On August 31, 2012, [Appellant] was arrested and charged with murder, attempted murder, aggravated assault, violations of the Uniform Firearms Act, recklessly

---

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

endangering another person and possessing an instrument of crime. . . . On September 22, 2014, [Appellant] entered into a negotiated guilty plea to the charges of murder of the third degree and attempted murder in return for an aggregate sentence of twenty-five to fifty years' incarceration. [Appellant] was sentenced in accordance with the agreement on the same day as the plea and no motion to withdraw that plea has ever been filed. Likewise, there was no direct appeal taken.

[Appellant] filed his [PCRA] petition on September 17, 2015. New counsel was appointed who filed a **Finley**[1] letter and motion to withdraw as counsel on August 25, 2016. Errantly, this court failed to serve [Appellant] a Notice of Intent to Dismiss in accord with Pennsylvania Rules of Criminal Procedure 907, but nevertheless, dismissed [Appellant's] PCRA petition on October 4, 2016. [Appellant] filed a timely notice of appeal and served a *pro se* statement of Matters Complained of on Appeal on the court on November 16, 2016.

> [1] **Commonwealth v. Finley**, [ ] 550 A.2d 213 ([Pa. Super.] 1998).

PCRA Ct. Op., 12/12/16, at 1-2.

Appellant raises the following issue for our review: "Whether PCRA counsel was ineffective for failing to argue trial counsel's ineffectiveness since trial counsel was ineffective for coercing Appellant [ ] into taking a guilty plea?" Appellant's Brief at 4.

As a prefatory matter, we consider whether Appellant has waived the issue of PCRA counsel's ineffectiveness for failing to raise it prior to the instant appeal. In **Commonwealth v. Henkel**, 90 A.3d 16 (Pa. Super. 2014) (*en banc*), this Court opined:

[The a]ppellant's first three issues all involve claims pertaining to PCRA counsel's representation. Neither party

has cited the Pennsylvania Supreme Court's modern treatment of this issue in numerous cases. ***Commonwealth v. Jette***, [ ] 23 A.3d 1032, 1044 n. 14 ([Pa.] 2011); ***Commonwealth v. Hill***, 16 A.3d 484, 497 n. 17 ([Pa.] 2011); ***Commonwealth v. Colavita***, [ ] 993 A.2d 874, 893 n. 12 ([Pa.] 2010);[2] ***Commonwealth v. Pitts***, 981 A.2d 875 ([Pa.] 2009); ***Commonwealth v. Ligons***, [ ] 971 A.2d 1125 ([Pa.] 2009) (plurality); ***Commonwealth v. Potter***, [ ] 58 A.3d 752 ([Pa.] 2012) (*per curiam* order). Nor have the parties addressed this Court's most comprehensive discussion of Pennsylvania Supreme Court precedent on this matter, ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa. Super. 2012) (collecting cases). **Those decisions all clarify that claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal.**

***Id.*** at 20 (emphasis added). In ***Ford***, this Court opined:

> We acknowledge that [the a]ppellant did raise the ineffectiveness of PCRA counsel issue in his Pa.R.A.P. 1925(b) statement after the Supreme Court remanded the matter and new counsel was appointed for purposes of advancing his appeal *nunc pro tunc*, *i.e.*, at the first opportunity. Additionally, the PCRA court addressed the issue in its Pa.R.A.P. 1925(a) opinion. [The a]ppellant's question also pertains to matters of record and does not require this Court to engage in any factual findings. Thus, several of the concerns expressed for not addressing such a claim are not present. Nonetheless, a majority of the Supreme Court agrees that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court. In addition, the Supreme Court's remand order in the instant case allowed for the appointment of counsel, not for the collateral review process to begin anew. Therefore, we hold that, absent recognition of a constitutional right to

_____

[2] The Pennsylvania Supreme Court stated: "claims of PCRA counsel ineffectiveness may not be raised for the first time at the direct appeal level, much less at the discretionary appeal level." ***Id.***

- 3 -

effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.

*Ford*, 44 A.3d at 1200-01.  Furthermore,

As noted, in *Jette*, as in [*Commonwealth v*.] *Burkett*, [5 A.3d 1260 (Pa. Super. 2010)], the PCRA court did not file a notice of intent to dismiss because it held a hearing. However, the *Jette* Court did not distinguish *Pitts* on that ground and signaled that *Colavita* was binding precedent on the issue of whether a claim of PCRA counsel ineffectiveness could be raised for the first time on appeal. Consequently, the Supreme Court concluded after the *Burkett* decision that **a PCRA petitioner cannot assert claims of PCRA counsel ineffectiveness for the first time on appeal, regardless of whether a Rule 907**[3] **or 909 notice is involved.**

_____

[3] Rule 907 provides, in pertinent part, as follows:

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s).  If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.  The defendant may respond to the proposed dismissal within 20 days of the date of the notice.  The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa. R. Crim. P. 907(1).

- 4 -

*Henkel*, 90 A.3d at 28 (emphasis added).

In the case *sub judice*, Appellant asserted claims of PCRA counsel's ineffectiveness for the first time on appeal. Therefore, we find the issue waived. **See Henkel**, 90 A.3d at 28; **Ford**, 44 A.3d at 1200-01.

Even assuming, *arguendo*, that the claim was not waived, Appellant would not be entitled to relief.[4] Appellant avers PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for coercing him into pleading guilty. He claims

> 1. Appellant's Trial/Plea-hearing counsel gave Appellant no objective evidence that he was prepared to defend Appellant at trial; 2. Appellant's [counsel] advised him that a death sentence or life in prison was guaranteed to be his outcome if he did not accept the plea offered; 3. although Appellant notified the trial Court that every paragraph in the plea colloquy had been read to him, he did not understand what was read to him . . .; 4. the recollection of facts as recounted in Appellant's Affidavit . . . is objectively different than the prosecutor's representation of fact that was introduced during the Plea colloquy . . . .

*Id.* at 9-10. Appellant contends that "the facts as represented by the Prosecutor (i.e., facts introduced during Appellant's plea colloquy), could not

---

[4] We note that the certified record transmitted on appeal did not initially include the notes of testimony from the September 22, 2014, guilty plea hearing. Upon informal inquiry by this Court, the trial court provided the transcript. The appellant that he bears the burden of "ensur[ing] the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Commonwealth v. B.D.G**., 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*) (citations omitted).

be proven beyond a reasonable doubt as they are a factually incorrect representation pursuant to Appellant's recollection of his encounter with the victims." *Id.* at 11.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008). "Furthermore, we note that we are bound by the PCRA court's credibility determinations where there is record support for those determinations." *Commonwealth v. Santiago*, 855 A.2d 682, 694 (Pa. 2004).

With respect to claims of counsel's ineffectiveness,

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission.[5] To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

*Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa. Super. 2008) (citations and quotation marks omitted).

---

[5] This three part test was enunciated in *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

"In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). Conversely, to merit relief, counsel's action, given all the other available alternatives, must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Miller***, 431 A.2d 233, 234 (Pa. 1981) (citation omitted). "The burden of proving ineffectiveness rests with [the a]ppellant." ***Commonwealth v. Rega***, 933 A.2d 997, 1018 (Pa. 2007).

Appellant presents a layered claim of PCRA counsel's ineffectiveness.

> Layered claims of ineffectiveness "are not wholly distinct from the underlying claims[,]" because "proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.]" "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. **If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue**."

***Commonwealth v. Rykard***, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations omitted and emphasis added).

Furthermore,

> [A] petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument . .

- 7 -

. on the three prongs of the **Pierce** test as to each relevant layer of representation.

**Commonwealth v. Reaves**, 923 A.2d 1119, 1128 (Pa. 2007) (citations omitted).

In **Commonwealth v. Rathfon**, 899 A.2d 365 (Pa. Super. 2006), this Court opined:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.
>
> > We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> > \* \* \*
>
> > [T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

**Id.** at 369-70 (some citations and quotation marks omitted).

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes the significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

***Commonwealth v. Flood***, 627 A.2d 1193, 1199 (Pa. Super. 1993)

(citations and quotation marks omitted).

Furthermore,

> [t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citations

omitted).

In the case *sub judice*, the PCRA court opined:

> [Appellant] entered into a written negotiated plea on September 22, 2014, calling for an aggregate term of twenty-five to fifty years' incarceration in return for his plea to third degree murder and attempted murder. The first page of the written colloquy twice affirms the terms of the negotiated sentence. The third page of the colloquy is signed by [Appellant] below the declaration "I have read all of the above, or my lawyer read it to me. I understand it. My answers are all true and correct." This certification was witnessed and attested to by the [sic] both [Appellant's] attorney and the prosecutor, as well as the trial court. The court asked [Appellant], prior to admitting the plea, if he wished to enter the plea, if he had read the colloquy and understood everything in the colloquy, and if it was his signature on the third page. [Appellant] further confirmed that the sentence to which he agreed was twenty-five to fifty years' incarceration, and twice that he was satisfied with his lawyer. When the facts were read to him [Appellant] acknowledged that those were the facts to which he was pleading guilty. Prior to entering the plea, [Appellant] asked for time to speak with his lawyer as well as his family. Arrangements were made so that he could speak with both. The plea colloquy, oral and written,

- 9 -

> conveyed all the required information for [Appellant] to make a knowing, intelligent and voluntary decision and the totality of the circumstances clearly shows [Appellant's] guilty plea met those requirements.

PCRA Ct. Op. at 6-7 (citations to the record omitted). We agree no relief is due.

Appellant is bound by the statement he made in open court. *See Pollard*, 832 A.2d at 253. The PCRA court found that Appellant entered a knowing, intelligent and voluntary decision to enter a guilty plea, relying upon the written guilty plea colloquy and oral colloquy. *See id.*; *see also Santiago*, 855 A.2d at 694. Appellant has not shown that but for counsel's errors he would not have pleaded guilty. *See Moser*, 921 A.2d at 531; *Rathfo*n, 899 A.2d at 370. Our review of the guilty plea hearing belies Appellant's assertion of counsel's ineffective assistance resulting in an unknowing or involuntary plea. *See Flood*, 627 A.2d at 1199. Consequently, PCRA counsel cannot be deemed ineffective for failing to raise the underlying issue of trial counsel's ineffectiveness. *See Rykard*, 55 A.3d at 1190; *Reaves*, 923 A.2d at 1128.

For all of the foregoing reasons, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 9/29/2017*