J-S27018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MIGUEL REMEDIO | : | |
| | : | |
| Appellant | : | No. 676 EDA 2017 |

Appeal from the PCRA Order January 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0706971-2005

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                          **FILED JUNE 12, 2018**

Miguel Remedio appeals from the order, entered in the Court of Common Pleas of Philadelphia, dismissing without a hearing his Post Conviction Relief Act[1] ("PCRA") petition as untimely and, therefore, unreviewable.  After review, we affirm.

On November 21, 2005, Remedio pleaded guilty to possession with intent to deliver a controlled substance ("PWID").[2]  The trial court sentenced Remedio to intermediate punishment and one year's confinement followed by two years' probation.  On September 29, 2014, Remedio filed the instant, counseled PCRA petition.  The PCRA court dismissed Remedio's petition on January 6, 2017.  On January 31, 2017, Remedio filed a timely notice of

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 35 Pa.S. § 780-113.

appeal. Both Remedio and the trial court have complied with Pa.R.A.P. 1925. On appeal, Remedio raises one issue for review: "Did the PCRA court err in dismissing [Remedio's] PCRA petition without a hearing as untimely despite the fact that . . . [his] PCRA petition was timely filed [pursuant to] the newly-discovered facts [exception][.]" Brief of Appellant, at 4.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (en banc) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "This Court has repeatedly stated that

the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." ***Commonwealth v. Rienzi***, 827 A.2d 369, 371 (Pa. 2003); ***see also Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (PCRA petition cannot be addressed unless PCRA court has jurisdiction, and jurisdiction does not exist if PCRA petition is untimely filed). Additionally, "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Ligons***, 971 A.2d 1125, 1164 (Pa. 2009) (citation and brackets omitted); ***see also Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999) ("[A] court has no authority to extend filing periods except as the [PCRA] statute permits[.]").

A petitioner who files a PCRA petition beyond the one-year time limit must plead and prove one of the three exceptions to the PCRA timeliness requirements. ***Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted). These three exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "The petitioner bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1062 (Pa. Super. 2011) (brackets omitted). Any petition invoking one or more of these exceptions must be "filed within sixty days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); ***Copenhefer***, 941 A.2d at 648.

Remedio did not seek a direct appeal and, thus, his judgment of sentence became final on or about December 22, 2005, approximately 12 years ago. Accordingly, Remedio's PCRA petition is facially untimely. However, Remedio avers that the newly-discovered fact exception allows the PCRA court to consider his untimely PCRA petition.

It is possible for a petitioner to plead and prove the newly-discovered fact exception, which gives the PCRA court jurisdiction and permits it to consider the petition on the merits, and then ultimately fail on the merits of an after-discovered evidence claim. The newly-discovered fact exception

has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

- 4 -

***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016), quoting

***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007).

Remedio contends that the July 30, 2014 federal indictment of Philadelphia Police Officer Michael Spicer[3] revealed a newly-discovered fact that Officer Spicer was "corrupt and allegedly committ[ed] a string of crimes [that] could not have been known . . . at the time [Remedio] [pleaded] guilty[.]" Brief of Appellant, at 15. Remedio timely filed his PCRA petition within sixty days of learning of Officer Spicer's indictment. Remedio alleges that if not for Officer Spicer's involvement in the investigation of his drug-related crimes, the evidence would have been insufficient to sustain a conviction for PWID.

Instantly, Remedio has proffered no evidence, in the form of citation to the record or otherwise, that Officer Spicer fabricated his charges. Officer Spicer never testified against Remedio. In fact, four other officers not implicated by Officer Spicer's July 30, 2014 federal indictment were also involved in Remedio's investigation. Additionally, Police arrested Remedio on November 18, 2004, two years prior to the alleged conduct covered in the federal indictment. Therefore, the alleged newly-discovered facts were

---

[3] The trial court determined that the allegations of police misconduct covered in the July 30, 2014 federal indictment encompassed activity between 2006 and 2012. Trial Court Opinion, 5/1/17, at 4.

neither unknown nor undiscoverable; rather, they had not yet occurred.[4] ***Brown***, ***supra***.

Moreover, the trial court did not convict Remedio based on testimony or evidence proffered by Officer Spicer; Remedio pleaded guilty. A voluntary plea of guilty constitutes waiver of all nonjurisdictional defects and defenses. ***Commonwealth v. Jones***, 929 A.2d 205 (Pa. 2007). Furthermore, the government does not have to disclose impeachment evidence prior to entering a plea agreement with a criminal defendant. ***U.S. v. Ruiz***, 536 U.S. 622, 628 (2002); ***see also Commonwealth v. McClelland***, 165 A.3d 19 n.7 (Pa. Super. 2017) ("The United States Supreme Court has declined to require prosecutors to disclose ***Brady*** material prior to a plea."). A defendant can validly waive a right even if he or she does not know "the specific detailed consequences of invoking it." ***Ruiz***, 536 U.S. at 629.

Remedio's PCRA petition does not appeal to any argument that his guilty plea was involuntary.[5] Accordingly, even if Remedio had presented to the PCRA court newly-discovered facts that could have warranted a grant of relief to litigate what he characterizes as a sufficiency issue, he voluntarily waived

---

[4] Remedio does not allege Officer Spicer was involved in any relevant transgressions that may have occurred before those covered in the July 30, 2014 federal indictment.

[5] Remedio opines, "[I]t is telling that [he] was silent when asked at his plea whether he was 'pleading guilty because you're guilty.'" Brief of Appellant, at 17, citing N.T. Guilty Plea, 11/21/05 at 11. We find it more telling that when the Honorable Judge Genece E. Brinkley asked, "How do you plead," Remedio responded, "guilty." ***Id.*** at 12.

any right to do so when he pleaded guilty. **_See Commonwealth v. Miller_**, 431 A.2d 233, 236 (Pa. 1981) ("Conviction after a guilty plea is based not on evidence in the hands of the Commonwealth . . . but rather on a defendant's admission in open court that he committed the crime."). Therefore, Remedio has suffered no prejudice as a result of Officer Spicer's alleged criminal behavior.

As Remedio's petition is facially untimely, and he has failed to meet his burden of proof with regard to the newly-discovered fact exception to the time bar, we find the PCRA court properly dismissed his PCRA petition on the basis it was untimely filed.[6]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/18

---

[6] Remedio claims that the PCRA court erred in denying his petition absent an evidentiary hearing. However, it is well settled that the right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous with no support in either the record or other evidence. **_See Commonwealth v. Walls_**, 993 A.2d 289 (Pa. Super. 2010). Here, we find no abuse of discretion by the PCRA court in denying Remedio an evidentiary hearing.