J-S69018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                               :          PENNSYLVANIA
                               :
           v.                 :
                               :
                               :
JAMAR JEROME WILLIAMS        :
                               :
          Appellant       :     No. 1412 EDA 2019

Appeal from the Judgment of Sentence Entered April 29, 2019,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0001449-2018.

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED JANUARY 31, 2020**

Jamar Jerome Williams appeals from the judgment of sentence imposed following the entry of his plea of *nolo contendere* to one count each of fleeing or eluding a police officer, and driving under the influence ("DUI").[1] Additionally, Williams' court-appointed counsel, J. Anthony Foltz, Esquire, has filed an application to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  We grant Attorney Foltz's application, and affirm Williams' judgment of sentence.

The relevant facts underlying this appeal are as follows.  In the early morning hours of August 25, 2017, police pursued a vehicle traveling

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. §§ 3733(a), 3802(b).

recklessly at a high rate of speed with two occupants. The pursuit ended when the vehicle hit the curb, struck a light pole, and then flipped over several times. One of the occupants fled the vehicle. Williams, who is the registered owner of the vehicle, was found unconscious by police at the accident scene, having suffered a deep laceration to his head. Williams was taken to the hospital, where he remained for several days due to his injuries. His medical records reflect that, following the accident, he had a blood alcohol content ("BAC") of 0.176 percent, and his urine tested positive for THC canniboids.

While Williams was in the hospital, police did not place him under arrest, or read him his **Miranda**[2] rights. They attempted to speak with him about the accident, but he did not appear sufficiently coherent to engage in conversation. However, Williams did indicate to detectives that "he believed the police were behind him attempting to stop him because he thought he ran a red light." N.T. Suppression, 9/6/18, at 12-13.

Defense counsel moved to suppress the statement that Williams made to police at the hospital. At a hearing on the motion, counsel argued that Williams had just come out of a coma and was on pain medications, and it was unclear as to whether he gave a knowing, voluntary, and intelligent waiver of his right to remain silent. In response, the Commonwealth argued that, although Williams was confined to a hospital room due to his injuries, no

---

[2] **See Miranda v. Arizona**, 384 U.S. 46 (1966).

custodial interrogation occurred because all police questions were general and brief, and Williams' family members and medical personnel were present. At the conclusion of the hearing, the trial court denied suppression.

Pursuant to a plea agreement, Williams entered a plea of *nolo contendere* to fleeing or eluding a police officer and DUI. Defense counsel explained the terms of the plea agreement to Williams. The trial court then sentenced him to two years of probation for fleeing or eluding a police officer, and to a concurrent term of time served (thirty-four days) to six months for DUI.

Williams filed a timely *pro se* notice of appeal.[3] The trial court ordered Williams to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Williams' counsel, Attorney Foltz, filed a statement of intent to file an **Anders** brief. The trial court thereafter filed a Pa.R.A.P. 1925(a) opinion. In this Court, Attorney Foltz filed an application to withdraw

---

[3] Our courts have made clear that a defendant who is represented by counsel may not engage in hybrid representation by filing *pro se* documents. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). However, while there is no right to hybrid representation, there is a right to appeal pursuant to Article 5, § 9 of the Pennsylvania Constitution. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1138 (Pa. 1993). Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016). The trial court therefore properly docketed the *pro se* notice of appeal and forwarded it to this Court pursuant to Pa.R.A.P. 902 (note).

as counsel and an *Anders* brief. Williams did not file a response to the petition to withdraw or the *Anders* brief.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1)   provide a summary of the procedural history and facts, with citations to the record;
>
> (2)   refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)   set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)   state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, Attorney Foltz has complied with each of the requirements of **Anders**. Attorney Foltz indicates that he conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Foltz's **Anders** brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Finally, the record includes a copy of the letter that Attorney Foltz sent to Williams, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Attorney Foltz's intention to seek permission to withdraw. Accordingly, Attorney Foltz has complied with the procedural requirements for withdrawing from representation, and we will conduct an independent review to determine whether Williams' appeal is wholly frivolous.

In the **Anders** Brief, Attorney Foltz raises one issue for our review: "Did the trial court err in dismissing the motion for the suppression of the statements made by Mr. Williams during his interrogation without being informed of his **Miranda** rights?" **Anders** Brief at 3. In discussing this issue,

Attorney Foltz indicates his belief that the claim is frivolous because it was waived upon the entry of Williams' plea of *nolo contendere*. We agree.

A *nolo contendere* plea has the same effect as a guilty plea for purposes of sentencing and is considered a conviction. **See Commonwealth v. Lewis**, 79 A.2d 1227 (Pa. Super. 2002). Additionally, upon entry of a negotiated guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and the legality of the sentence imposed. **See Commonwealth v. Jabby**, 200 A.3d 500, 505 (Pa. Super. 2018). Thus, by entering a negotiated *nolo contendere* plea, Williams waived any challenge to the voluntariness of his statement to police. **See Commonwealth v. Triplett**, 381 A.2d 877, 880 (Pa. 1977). Accordingly, we agree with Attorney Foltz's determination that this claim is, in fact, wholly frivolous.

Finally, as required by **Anders**, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. Our independent review of the record discloses no other non-frivolous issues that Williams could raise that his counsel overlooked. **Dempster**, **supra**. The record of the case demonstrates no jurisdictional defects in the Delaware County Court of Common Pleas. There is no indication in the record that Williams's plea was not entered knowingly, voluntarily, and intelligently. **See Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa. Super. 2016). Indeed, our review indicates that the trial court inquired into

- 6 -

all required areas prior to accepting Williams's plea.[4]  **See** Written Plea Colloquy, 4/29/19, at 1-4; N.T. Plea Hearing, 4/29/19, at 12-14.  Finally, Williams received a legal sentence.  Having concluded that there are no meritorious issues, we grant Attorney Foltz's application to withdraw as counsel, and affirm the judgment of sentence.

Application to withdraw as counsel granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/20

---

[4] The trial court is required to inquire (1) whether the defendant understands the nature of the charges; (2) what the factual basis is for the plea; (3) whether the defendant understands that he has a right to a trial by jury; (4) whether the defendant understands that he is presumed innocent until found guilty; (5) whether the defendant is aware of the permissible range of sentences or fines for the offenses; and (6) whether the defendant knows that the trial judge is not bound by the terms of the plea agreement unless she accepts the plea.  **See** Pa.R.Crim.P. 590 (comment); **see also Kpou**, 153 A.3d at 1023.