J-S13018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD CHASE, JR. | : | |
| | : | |
| Appellant | : | No. 1122 MDA 2019 |

Appeal from the PCRA Order Entered June 19, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003518-2010

BEFORE:   STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 08, 2020**

Appellant, Leonard Chase, Jr., appeals from the June 19, 2019 Order entered in the York County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-46, as meritless.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On April 7, 2011, a jury convicted Appellant of five counts of Robbery and one count of Criminal Conspiracy to Commit Robbery.[1]  The court sentenced Appellant to an aggregate term of 35 to 70 years' incarceration, comprised of five consecutive terms of 7 to 14 years' incarceration for each of his Robbery

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S §§ 3701(a)(1)(ii) and 903(a)(1), respectively.  The court tried Appellant with his co-defendant, Travis Lamont Bryant.

convictions, and a concurrent term of 6 to 12 years' incarceration for his Criminal Conspiracy conviction.[2] Appellant filed Post-Sentence Motions, which the trial court denied on October 24, 2011.

Appellant filed a direct appeal challenging the sufficiency and weight of the evidence, a jury instruction, and the discretionary aspects of his sentence. This Court affirmed Appellant's Judgment of Sentence on December 20, 2012. *See Commonwealth v. Chase*, No. 2064 MDA 2011 (Pa. Super. filed Dec. 20, 2012) (unpublished memorandum). On October 23, 2013, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal. *See Commonwealth v. Chase*, 77 A.3d 1285 (Pa. 2013) (table). Appellant did not seek further review of his Judgment of Sentence. Appellant's Judgment of Sentence, thus, became final on January 21, 2014.[3]

On December 8, 2014, Appellant filed *pro se* the instant PCRA Petition in which he claimed that: (1) the Commonwealth's evidence was insufficient to support his conviction; (2) the court gave an invalid jury instruction; (3) the initial search and seizure by police was constitutionally invalid; (4) the court erred in imposing a mandatory minimum sentence and incorrectly applied the deadly weapons enhancement; (5) the sentencing court incorrectly computed Appellant's prior record score ("PRS"); (6) the jury's

---

[2] The court did not impose any mandatory minimum sentences. Appellant's individual sentences are at the top end of the guideline range and did not exceed the statutory maximums.

[3] *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

verdict on multiple counts was constitutionally invalid; (7) his trial counsel was ineffective; and (8) his constitutional rights had been violated. Petition, 1/8/14, at 3-4.

On December 10, 2014, the PCRA court appointed counsel.[4] After an unexplained delay of more than four years, on February 25, 2019, PCRA counsel filed a Petition to Withdraw as Counsel along with a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny, after concluding that Appellant's Petition presented no issues of arguable merit.

On May 29, 2019, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Appellant's Petition without a hearing as meritless, and granted counsel's Motion to Withdraw. Appellant did not file a Response to the court's Rule 907 Notice. On June 19, 2019, the PCRA court dismissed Appellant's Petition.

This timely *pro se* appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P 1925.

Appellant raises the following issues on appeal:

I. Did the [PCRA] court err when it denied relief [on the claim that] evidence presented during trial was insufficient to sustain a

---

[4] On December 30, 2014, the PCRA court vacated its first Order appointing Bruce Blocher, Esquire, as counsel, and instead appointed William H. Graff, Jr., Esquire, as counsel.

conviction on all five counts of robbery[,] a violation of the U.S. Constitution Fourteenth Amendment right?

II. Did the [PCRA] court err when it denied relief [on the claim that] the court gave invalid jury instructions[,] a U.S. Constitution Fourteenth Amendment violation?

III. Did the [PCRA] court err when it denied relief [on the claim of an] unreasonable search and seizure [in] violation of the U.S. Constitution Fourth and Fourteenth Amendment?

IV. Did the [PCRA] court err when it denied relief [on the claim of] prosecutorial misconduct[,] a U.S. Constitutional violation of Appellant's Fourteenth Amendment right?

V. Did the [PCRA] court err when it denied relief [on Appellant's claim that the] court's interpretation of 19 Pa.C.S.[] § 3701(a)(1)(ii) violates the U.S. Constitution Fifth and Fourteenth Amendment[s]?

VI. Did the [PCRA] court err when it denied relief for Claim F, Appellant convicted on multiplicity [*sic*,] a violation of the U.S. Constitutional Fourteenth Amendment right?

VII. Did the [PCRA] court err when it denied relief [on Appellant's claim that] Pennsylvania's mandatory minimum sentencing act and deadly weapon enhancement violates the U.S. Constitution Sixth and Fourteenth Amendment?

VII. Did the [PCRA] court err when it denied relief [on Appellant's claim of] ineffective assistance of counsel[,] a violation of [] Appellant's U.S. Constitutional Fourteenth Amendment right?

IX. Did the [PCRA] court err when it denied relief [on Appellant's claim that the] sentencing court incorrectly computed Appellant's [PRS] and deadly weapon enhancement which resulted in an inappropriate sentence[,] a Fourteenth Amendment due process violation?

Appellant's Brief at 5-6 (reordered for ease of disposition).

## Cognizability of Claims

Before we address the merits of Appellant's claims, we must first determine which, if any, of them are cognizable under the PCRA. The PCRA

specifically permits challenges asserting (1) constitutional violations; (2) ineffective assistance of counsel; (3) an unlawful inducement of a guilty plea; (4) obstruction of a defendant's right to an appeal; (5) newly discovered exculpatory evidence that was not available at the time of the trial; (6) an imposition of a sentence greater than the lawful maximum; and (7) a lack of jurisdiction. *See* 42 Pa.C.S. § 9543(a)(2). Based on our review, Appellant's first seven issues are either not cognizable under the PCRA, are waived, or have been previously litigated.

This Court has consistently held that challenges to the sufficiency of the evidence are not cognizable under the PCRA. *See Commonwealth v. Price*, 876 A.2d 988, 995 (Pa. Super. 2005) (rejecting a sufficiency claim that was raised on PCRA appeal without an ineffective assistance of counsel analysis because it is not cognizable under the PCRA); *see also Commonwealth v. Bell*, 706 A.2d 855, 861 (Pa. Super. 1998) (holding that sufficiency claims are not cognizable under the PCRA).

In addition, issues previously raised and litigated on direct appeal are not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(3) (providing that a petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated); *see also Commonwealth v. Spotz*, 18 A.3d 244, 281 (Pa. 2011) (recognizing that a claim that has been previously litigated is not cognizable under the PCRA).

Relatedly, an issue a petitioner could have raised "before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding[,]" but failed to raise, is waived. 42 Pa.C.S § 9544(b).

**Issue I**

In his first issue, Appellant claims that his Robbery convictions violated his due process rights because the Commonwealth presented insufficient evidence to sustain each of the elements of the offense. Appellant's Brief at 13-28.

Appellant previously litigated his challenge to the sufficiency of the Commonwealth's evidence on direct appeal, and this Court affirmed that the evidence was sufficient. ***See Chase***, No. 2064 MDA 2011, at 9-15. This claim is, therefore, not cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(3). ***See also Price***, 876 A.2d at 995; ***Bell***, 706 A.2d at 861.

To the extent that Appellant attempts to avoid the PCRA's prohibition against relitigating previously litigated claims by arguing that the evidence was insufficient to satisfy due process, Appellant has waived this argument by not raising it at trial or on direct appeal. ***See*** 42 Pa.C.S § 9544(b). Therefore, even if Appellant had not previously litigated this claim, he would not be entitled to relief under the PCRA.

**Issue II**

In his second issue, Appellant claims the trial court violated his due process rights by providing the jury with an instruction on the Robbery charge that "contradicts the law" and "made it 'reasonably likely' that the jury applied

the improper instructions in an unconstitutional way." Appellant's Brief at 33-34. The crux of Appellant's claim is that the trial court's jury instruction essentially directed the jury to convict Appellant of multiple counts of Robbery even though Appellant's crimes arose in the course of only one event. Although Appellant attempts to frame this issue in federal constitutional law terms, our review indicates that it is merely an attempt to relitigate an issue he unsuccessfully raised on direct appeal. *See Chase*, No. 2064 MDA 2011, at 17-19. Therefore, he is not eligible for relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(3).

### Issue III

In his third issue, Appellant claims that a warrantless search of his vehicle by police was an unreasonable search and seizure in violation of the Fourth Amendments of the U.S. Constitution. Appellant's Brief at 34-36. Our review of the record indicates that Appellant failed to raise this issue before the trial court, for example, by filing a motion to suppress the evidence obtained from the allegedly illegal search. Appellant's failure to raise this claim prior to the filing of his PCRA Petition results in its waiver. *See* 42 Pa.C.S. § 9544(b).

### Issue IV

In his fourth issue, Appellant claims prosecutorial misconduct occurred during his trial as a result of testimony given by a police officer that differed slightly by from an account given by another officer in the Criminal Complaint, which resulted in a violation of his due process rights. Appellant's Brief at 77-

80. Appellant could have raised this issue on direct appeal, but failed to do so. Accordingly, this claim is waived. *See* 42 Pa.C.S. § 9544(b).

### Issue V

In what essentially amounts to a sufficiency of the evidence claim, in his fifth issue, Appellant argues that the Commonwealth and the trial court misinterpreted the Robbery statute when it charged him with multiple counts of Robbery because his "victims" were mere bystanders because did not subject them to any direct threats or thefts, and because they did not have a property interest in the items Appellant stole. *See*, *e.g.*, Appellant's Brief at 61-62. He concludes, therefore, no robbery of them occurred. This Court's review of the record indicates that Appellant unsuccessfully raised this issue on direct appeal. *See Chase*, No. 2064 MDA 2011, at 9-14. Therefore, he is not eligible for relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(3).

### Issue VI

In his sixth issue, Appellant claims that his conviction of five counts of Robbery arising from one act of theft violates the double jeopardy clause of the U.S. Constitution. Appellant's Brief at 44-53. This Court's review of the record indicates that Appellant unsuccessfully raised this issue on direct appeal within the context of his challenge to the court's jury instruction. *See Chase*, No. 2064 MDA 2011, at 17-19. Therefore, he is not eligible for relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(3).

**Issue VII**

In his seventh issue, Appellant claims that the trial court improperly calculated his Prior Record Score and misapplied the sentencing guidelines. Appellant's Brief at 42-44. Although Appellant attempts to argue that the court's alleged error violated his due process rights, in fact, this issue implicates the discretionary aspects of his sentence. *See Commonwealth v. Keiper*, 887 A.2d 317, 319 (Pa. Super. 2005) (explaining that a "challenge to the calculation of the Sentencing Guidelines raises a question of the discretionary aspects of a defendant's sentence."); *Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa. Super. 2004) (holding that a miscalculation of the prior record score "constitutes a challenge to the discretionary aspects of [a] sentence.").

Appellant raised a challenge to the discretionary aspects of his sentence on direct appeal. *See Chase*, No. 2064 MDA 2011, at 17-23. Therefore, he is not eligible for relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(3). To the extent that the arguments set forth by Appellant in support of his discretionary aspects of sentence claim in the instant appeal differ from those asserted before the trial court and on direct appeal, we find that Appellant has waived those arguments. *See* 42 Pa.C.S. § 9544(b).

**Summary- Issues I-VII**

In sum, following our review of the record, we conclude that, for the reasons articulated above, Appellant is not entitled to relief on his first seven issues. Thus, we proceed to address the merits of issues VIII and IX only.

**Cognizable Issues**

**<u>Standard of Review of PRCA Orders</u>**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record, and we review the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013).

**<u>Issue VIII</u>**

In his eighth issue, Appellant claims that his trial counsel was ineffective for failing to "investigate and [] present substantial mitigating evidence to the jury" and for failing to "assert and preserve [his] Federal and State Constitutional rights[.]" Appellant's Brief at 53-54. In particular, Appellant asserts that counsel failed to depose the Commonwealth's key witnesses and to investigate a third suspect who Appellant alleges was likely one of the two actors who committed the robbery. ***Id.*** at 54-55. Appellant also claims that his counsel failed to assert a claim based on ***Alleyne v. U.S.***, 570 U.S. 99 (2013), before his Judgment of Sentence became final and failed to preserve Appellant's illegal sentence claim. ***Id.*** at 55-56.

We review ineffective assistance of counsel ("IAC") claims with the following precepts in mind. To warrant relief based on an ineffectiveness

claim, a petitioner must show that such ineffectiveness "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006); accord 42 Pa.C.S. § 9543(a)(2)(ii). We presume that counsel has rendered effective assistance. *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013).

To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). We will deny an IAC claim if the petitioner fails to meet any one of these prongs. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). We will not deem counsel ineffective for failing to raise a meritless claim. *Jones*, 912 A.2d at 278. Moreover, trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862–863 (Pa. Super. 2000) (quoting *Commonwealth v. Miller*, 431 A.2d 233, 234 (Pa. 1981)). "[B]olierplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that

counsel was ineffective." ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1128 (Pa. 2011) (citation omitted).

Appellant's IAC claim consists of nothing more than boilerplate assertions that his counsel was ineffective. He has utterly failed to demonstrate that (1) any of his underlying claims are of arguable merit; (2) his counsel's performance lacked a reasonable basis; and (3) his counsel's alleged ineffectiveness of counsel caused him prejudice. Having failed to satisfy the IAC test, we conclude that the trial court did not err in finding that Appellant is not entitled to relief on this claim.

**<u>Issue IX</u>**

In his final issue, Appellant claims that the court sentenced him to an illegal mandatory minimum sentence and that its application of the deadly weapon enhancement violated his constitutional rights. Appellant's Brief at 36-41 (citing 42 Pa.C.S § 9712.1 and ***Alleyne***, ***supra***). He argues that ***Alleyne*** required the trial court to submit the application of the deadly weapon enhancement to the jury because the deadly weapon enhancement is an "element" that increased the penalty for his crimes. Appellant's Brief at 37-38.

Appellant has raised a challenge to the legality of his sentence. We "review the legality of sentence *de novo* and our scope of review is plenary." ***Commonwealth v. Foust***, 180 A.3d 416, 422 (Pa. Super. 2018) (citation omitted).

In *Alleyne*, the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. *Alleyne*, 570 U.S. at 103. Later, this Court, in *Commonwealth v. Buterbaugh*, 91 A.3d 1247 (Pa. Super. 2014), expressly held that the imposition of sentencing enhancements does not implicate *Alleyne*. 91 A.3d at 1270 n.10.

Appellant asserts that he was illegally sentenced pursuant to 42 Pa.C.S. § 9712.1. That statute provided that defendants convicted of certain drug offenses with firearms were subject to the imposition of a mandatory minimum sentence. 42 Pa.C.S. § 9712.1(a). However, pursuant to *Alleyne*, this Court held that statute to be unconstitutional. *Commonwealth v. Newman*, 99 A.3d 86, 88 (Pa. Super. 2014).

Appellant's reliance on *Alleyne* and reference to 42 Pa.C.S. § 9712.1 in support of his illegal sentence claim are misplaced. First, the trial court did not impose on Appellant a mandatory minimum sentence. Second, Section 9712.1 pertained to certain drug offenses committed with firearms. Instantly, the jury convicted Appellant of Robbery, which is not a drug offense. Last, the deadly weapon enhancement imposed on Appellant's sentence is not a mandatory minimum sentence; rather, it merely raises the recommended sentence under the sentencing guidelines. *See Buterbaugh*, 91 A.3d at 1270 n.10. For each of the foregoing reasons, Appellant is not entitled to relief on this claim.

- 13 -

Having found Appellant's claims either not cognizable under the PCRA or without merit, we affirm the Order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/08/2020