J-S26012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NELSON HERNANDEZ RIVERA | |
| Appellant | No. 346 MDA 2021 |

Appeal from the PCRA Order entered March 2, 2021
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0002098-2017

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                    **FILED: JANUARY 21, 2022**

Appellant, Nelson Hernandez Rivera, appeals *pro se* from the March 2, 2021 order entered in the Court of Common Pleas of Luzerne County dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The PCRA court summarized the background of the instant appeal as follows.

> On October 29, 2018, [Appellant] pled guilty to criminal attempt to commit criminal homicide.  [Appellant] caused life-threatening injuries to a woman by stabbing her multiple times in the chest. He discontinued his attack after being shot by a security guard.
>
> Sentencing took place on January 4, 2019.  A sentence of 216 to 480 months was imposed.  This sentence was within the standard range of the sentencing guidelines and [Appellant] received credit for serving 645 days of incarceration prior to

sentencing. [Appellant]'s post-sentence motion was denied by order dated May 2, 2019. A notice of appeal was filed twenty-seven days later. In an opinion filed on December 3, 2019, [our Court] affirmed [Appellant]'s judgment of sentence.

A *pro se* motion for post-conviction collateral relief was filed by [Appellant] on July 9, 2020. After receiving [Appellant]'s motion, an order was issued on November 16, 2020, which appointed conflict counsel to represent him. On January 13, 2021, appointed counsel submitted a no-merit letter and filed a motion to withdraw as counsel. In the letter and motion, appointed counsel indicated that he reviewed the file, communicated with [Appellant] and determined that [Appellant] had no PCRA claim and his petition had no merit.

Following a review of [Appellant]'s motion, appointed counsel's no merit letter, motion to withdraw and an independent review of the record established in this case, an order was issued granting appointed counsel's request to withdraw. A Notice of Intention to Dismiss Motion for Post Conviction Collateral Relief pursuant to Pa.R.Crim.P. 907 was filed on February 3, 2021.

Although [Appellant] was served with a copy of the Notice of Intention to Dismiss, he did not respond. Because [Appellant]'s PCRA [petition] had no merit, it was dismissed on March 2, 2021. On March 16, 2021, a Notice of Appeal[,] which was dated March 1, 2021, and appears to be signed by [Appellant], was filed. The notice of appeal does not include a statement that the order appealed from had been entered on the docket and no date is provided for the order resulting in the appeal.

A Rule 1925(a) opinion was filed on May 11, 2021. This opinion recommended that the appeal be quashed due to [Appellant]'s failure to comply with Pa.R.A.P. 301(a)(1) and Pa.R.A.P. 904(d). On October 22, 2021, [our Court] filed a non-precedential decision which remanded the case for the filing of a supplemental Rule 1925(a) opinion. In the decision, [we] determined that [Appellant] was appealing the order dated March 2, 2021 even though the notice of appeal filed by [Appellant] was dated March 1, 2021[,] which was prior to the existence of the March 2 order and several days before [Appellant] would have received the March 2 order by certified mail.

- 2 -

The March 2, 2021 order dismissed the [petition] for post-conviction collateral relief filed by [Appellant] on July 9, 2020. In his July 9 [petition], Appellant raised two issues. [Appellant]'s first issue was based on the ineffective assistance of counsel for failing to challenge the legality of sentence where the sentence imposed is beyond the statutory maximum in violation of the Sixth and Fourteenth Amendments of the Federal Constitution and Article I Section 9 of the Pennsylvania Constitution.

. . . .

The second claim made by [Appellant] in his [petition] for post-conviction collateral relief is that he suffered a miscarriage of justice due to the imposition of a sentence beyond the statutory maximum in violation of the Sixth and Fourteenth Amendments of the Federal Constitution and Article I Section 9 of the Pennsylvania Constitution. This allegation appears to be filed pursuant to 42 Pa.C.S.A. Section 9543(a)(2)(vii) in that the sentence imposed was greater than the lawful maximum.

Trial Court Supplemental Opinion, 11/18/21, at 1-2, 4.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

In addressing ineffective assistance of counsel claims, we are guided by the following authorities:

[A] PCRA petitioner will be granted relief [for ineffective assistance of counsel] only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was

- 3 -

deficient and that such deficiency prejudiced him." ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010) (citing ***Strickland v. Washington***, 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the ***Strickland*** performance and prejudice test into a three-part inquiry. ***See Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010).

***Spotz***, 84 A.3d at 311-12 (citations modified).

A review of the record shows that the underlying claim (*i.e.*, sentence imposed is illegal because it is beyond the statutory maximum) is of no merit. Appellant was convicted of attempted murder resulting in serious bodily injury. The statutory maximum sentence for attempted homicide with serious bodily injury is 40 years. ***See*** 18 Pa.C.S.A. § 1102(c). Appellant's sentence of 216 months to 480 months, therefore, does not exceed the statutory maximum. ***See also*** PCRA Opinion, 11/18/21, at 4.

Because Appellant's underlying claim has no arguable merit, we do not need to address the other ineffective assistance prongs. ***See***, ***e.g.***, ***Commonwealth v. Ly***, 980 A.2d 61, 74 (2009) ("A failure to satisfy any of the three prongs of the [***Commonwealth v. Pierce***, 527 A.2d 973 (1987)] test requires rejection of a claim of ineffective assistance of trial counsel). Accordingly, no relief is due to Appellant on his ineffective assistance of counsel claim.

Appellant next raises the very same claim, *i.e.*, sentence imposed is illegal because it is beyond the statutory maximum, as a challenge under 42

Pa.C.S.A. § 9543(a)(2)(vii), which permits a claim under the PCRA that "the imposition of a sentence [was] greater than the lawful maximum." As noted above, however, the sentence imposed here was not greater than the lawful maximum. Accordingly, the instant claim does not fare any better than the previous one.

On appeal, Appellant raises additional claims of ineffective assistance of counsel,[1] which were raised on appeal for the first time.[2] *See* PCRA Court Opinion, 11/18/21, at 4-5. As such, they are waived. *See* Pa.R.A.P. 302(a). To the extent these additional issues are not waived, the PCRA court properly addressed them in its November 18, 2021 opinion. *See* PCRA Court Opinion, 11/18/21, at 5-7. Briefly, the PCRA court found that none of the additional claims had arguable merit, resulting, therefore, in Appellant's failure to meet the standard for proving ineffective assistance of counsel. We agree with the PCRA court's assessment of the additional ineffective assistance of counsel claims. Accordingly, we direct that a copy of the PCRA

---

[1] We construe Appellant's claims as arguing that trial counsel was ineffective for letting him plead guilty despite language issues, that direct appeal counsel was ineffective for not challenging the validity of his plea, and that PCRA counsel was ineffective for failing to challenge the effectiveness of trial counsel and direct appeal counsel. Appellant's Brief at 3-8.

[2] *Compare* Appellant's PCRA Petition, 7/9/20, at 6, *with* Appellant's concise statement of matters complained of on appeal, dated 5/27/21, but not filed in the trial court, *and* Appellant's Brief at 3-8.

court's November 18, 2021 opinion be attached to any future filings in this case.

Order affirmed.

This decision was reached prior to the retirement of Judge Musmanno.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2022

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                    :      OF LUZERNE COUNTY
                                      :
          VS.                       :      CRIMINAL DIVISION
                                        :
NELSON HERNANDEZ RIVERA      :      NO: 2098 OF 2017

## ORDER

AND NOW, this 18th day of November, 2021, IT IS HEREBY ORDERED that the

attached Supplemental Opinion dated November 18, 2021 is entered pursuant to Pa.R.A.P.

1925(a)(1).

IT IS FURTHER ORDERED that the Luzerne County Clerk of Courts is

ORDERED and DIRECTED to immediately transmit the above record to the Superior

Court of Pennsylvania.

The Clerk of Court shall promptly serve a copy of this Order on each party's

attorney, or the party, if unrepresented, pursuant to Pa.R.Crim.P. 114.


BY THE COURT:


_____
MICHAEL T. VOUGH,     P.J.

Copies To:

Luzerne County District Attorney's Office

Nelson Hernandez Rivera (Inmate No: NS1530)
SCI Forest - PO Box 307
286 Woodland Drive
Marienville, PA 16239

CLERK OF COURTS CRIMINAL
LUZ CNTY NOV18'21AM9:1E

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF LUZERNE COUNTY
:
VS. : CRIMINAL DIVISION
:
NELSON HERNANDEZ RIVERA : NO: 2098 OF 2017

## SUPPLEMENTAL OPINION PURSUANT TO RULE 1925(a)(1)

BY THE HONORABLE MICHAEL T. VOUGH,

CLERK OF COURTS CRIMINA
LUZ CNTY NOV18'21AH3:1

On October 29, 2018, Defendant, Nelson Hernandez Rivera, pled guilty to criminal attempt to commit criminal homicide. Defendant caused life-threatening injuries to a woman by stabbing her multiple times in the chest. He discontinued his attack after being shot by a security guard.

Sentencing took place on January 4, 2019. A sentence of 216 to 480 months was imposed. This sentence was within the standard range of the sentencing guidelines and Defendant received credit for serving 645 days of incarceration prior to sentencing. Defendant's post-sentence motion was denied by order dated May 2, 2019. A notice of appeal was filed twenty-seven days later. In an opinion filed on December 3, 2019, the Superior Court of Pennsylvania affirmed the Defendant's judgment of sentence.

A pro se motion for post-conviction collateral relief was filed by Defendant on July 9, 2020. After receiving Defendant's motion, an order was issued on November 16, 2020 which appointed conflict counsel to represent him. On January 13, 2021, appointed counsel submitted a no-merit letter and filed a motion to withdraw as counsel. In the letter and motion, appointed counsel indicated that he reviewed the file, communicated with Defendant and determined that Defendant had no PCRA claim and his petition had no merit.

Following a review of Defendant's motion, appointed counsel's no merit letter, motion to withdraw and an independent review of the record established in this case, an order was issued

granting appointed counsel's request to withdraw. A Notice of Intention to Dismiss Motion for Post Conviction Collateral Relief pursuant to Pa.R.Crim.P. 907 was filed on February 3, 2021.

Although Defendant was served with a copy of the Notice of Intention to Dismiss, he did not respond. Because Defendant's PCRA motion had no merit, it was dismissed on March 2, 2021. On March 16, 2021, a Notice of Appeal which was dated March 1, 2021, and appears to be signed by Defendant, was filed. The notice of appeal does not include a statement that the order appealed from had been entered on the docket and no date is provided for the order resulting in the appeal.

A Rule 1925(a) opinion was filed on May 11, 2021. This opinion recommended that the appeal be quashed due to Defendant's failure to comply with Pa.R.A.P. 301(a)(1) and Pa.R.A.P. 904(d). On October 22, 2021, The Superior Court of Pennsylvania filed a non-precedential decision which remanded the case for the filing of a supplemental Rule 1925(a) opinion. In the decision, the Superior Court determined that Defendant was appealing the order dated March 2, 2021 even though the notice of appeal filed by Defendant was dated March 1, 2021 which was prior to the existence of the March 2 order and several days before Defendant would have received the March 2 order by certified mail.

The March 2, 2021 order dismissed the motion for post-conviction collateral relief filed by Defendant on July 9, 2020. In his July 9 motion, Defendant raised two issues. Defendant's first issue was based on the ineffective assistance of counsel for failing to challenge the legality of sentence where the sentence imposed is beyond the statutory maximum in violation of the Sixth and Fourteenth Amendments of the Federal Constitution and Article I Section 9 of the Pennsylvania Constitution.

To be eligible for relief under Section 9543(a)(2)(ii) of the Post Conviction Relief Act, a Petitioner must plead and prove by a preponderance of the evidence that "ineffective assistance

of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Commonwealth v. Hickman, 799 A.2d 136, 140 n.2 (Pa.Super. 2002) quoting 42 Pa.C.S.A. Section 9543(a)(2)(ii). There is a presumption that counsel is effective. Commonwealth v. Cross, 634 A.2d 173, 175 (Pa. 1993) citing Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987). Defendant bears the burden of proving counsel's ineffectiveness and that burden does not shift. Cross, 634 A.2d at 175 citing Commonwealth v. Jones, 471 A.2d 879 (Pa. 1984).

For a Defendant to prevail on an ineffectiveness claim, he must satisfy a three-prong test and demonstrate that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonability probability that the outcome of the proceedings would have been different." Commonwealth v. Ali, 10 A.3d 282, 291 (Pa. 2010) citing Commonwealth v. (Michael) Pierce, 786 A.2d 203, 213 (Pa. 2001); Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." Commonwealth v. Daniels, 963 A.2d 409, 419 (Pa. 2009) citing Commonwealth v. Sneed, 899 A.2d 1067, 1076 (Pa. 2006). With regard to counsel not having a reasonable basis for his action, his approach must be "so unreasonable that no competent lawyer would have chosen it." Commonwealth v. Ervin, 766 A.2d 859, 862-63 (Pa.Super. 2000) quoting Commonwealth v. Miller, 431 A.2d 233, 234 (Pa. 1981). Finally, trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. Commonwealth v. Loner, 836 A.2d 125, 132 (Pa.Super. 2003).

On direct appeal, Defendant raised an issue regarding his sentence which was within the standard range of the sentencing guidelines. The Superior Court of Pennsylvania affirmed the

judgment of sentence in a non-precedential decision filed on December 3, 2019. A defendant cannot obtain post conviction review of a claim previously litigated on direct appeal. Commonwealth v. Brown, 872 A.2d 1139, 1144-45 (Pa. 2005). A defendant is also unable to obtain post conviction review of claims previously litigated on appeal by presenting new theories of relief to support the previously litigated claims. Id. at 1145 citing Commonwealth v. Stokes, 839 A.2d 226, 229 (Pa. 2003). Defendant pled guilty to criminal attempt to commit criminal homicide. The statutory maximum sentence for attempted homicide with serious bodily injury is 40 years. 18 Pa.C.S.A. section 1102(c). Defendant's sentence of 216 months to 480 months does not exceed the statutory maximum.

The second claim made by Defendant in his motion for post-conviction collateral relief is that he suffered a miscarriage of justice due to the imposition of a sentence beyond the statutory maximum in violation of the Sixth and Fourteenth Amendments of the Federal Constitution and Article I Section 9 of the Pennsylvania Constitution. This allegation appears to be filed pursuant to 42 Pa.C.S.A. Section 9543(a)(2)(vii) in that the sentence imposed was greater than the lawful maximum.

As previously indicated, the Defendant was sentenced to 216 months to 480 months. This sentence did not exceed the statutory maximum. Both issues raised by Defendant in his motion for post-conviction collateral relief had no merit whatsoever. The March 2, 2021 order dismissing the motion filed by Defendant on July 9, 2020 should be affirmed.

As noted by the Superior Court in its October 22, 2021 decision, Defendant raised several issues in his appellate brief. These issues were the ineffectiveness of trial counsel for allowing him to plead guilty in spite of an alleged language barrier, that direct appeal counsel was ineffective for failing to challenge the validity of his guilty plea, and that PCRA counsel was ineffective for failing

to allege the ineffectiveness of trial and direct appeal counsel by not challenging the validity of his guilty plea. None of these issues were ever raised before this Court.

"Claims not raised in the trial court may not be raised for the first time on appeal." Commonwealth v. Johnson, 33 A.3d 122, 126 (Pa.Super. 2011) citing Commonwealth v. Rush, 959 A.2d 945, 949 (Pa.Super. 2008). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). In his motion for post conviction collateral relief, Defendant only raised issues regarding the statutory maximum sentence. None of the issues set forth by Defendant in his appellate brief were raised in the lower court. Defendant's issues regarding the ineffectiveness of trial counsel and direct appeal counsel are waived. Defendant's issue regarding the ineffectiveness of PCRA counsel was able to be raised on appeal. See Commonwealth v. Bradley, ___ A.3d ___, 2021 WL 4877232 (Pa. 2021). Regardless of the waiver issue, all issues raised by Defendant on appeal will be addressed in accordance with the Superior Court's directive.

At the time of Defendant's guilty plea and sentencing, he was represented by private counsel. An interpreter was used at both proceedings. At no time did Defendant indicate that he was unable to communicate with counsel due to a language barrier. During his guilty plea, Defendant testified that he understood the terms and conditions of the plea agreement. N.T. 10/19/18 at 5. He also stated that the plea agreement had been fully explained to him and he had no questions regarding what he was pleading guilty to. Id. at 5-6. Defendant never gave this court any reason to believe that he had any difficulty discussing the entry of a guilty plea with counsel. In fact, Defendant indicated that he was satisfied with his lawyer's representation. Id. at 8. Had Defendant raised an ineffectiveness claim with this court regarding counsel allowing him to plead guilty despite an alleged language barrier, it would have been denied.

A valid guilty plea must be knowingly, voluntarily and intelligently entered. Commonwealth v. Rush, 909 A.2d 805, 808 (Pa.Super. 2006) citing Commonwealth v. Pollard, 832 A.2d 517, 522 (Pa.Super. 2003). An on-the-record colloquy must be conducted to ascertain whether a defendant is aware of his rights and the consequences of his plea. Commonwealth v. Hodges, 789 A.2d 764, 765 (Pa.Super. 2002). Pursuant to Pa.R.Crim.P. 590, a court should determine that a defendant understands:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement.

Commonwealth v. Kelley, 136 A.3d 1007, 1013 (Pa.Super. 2016) citing Commonwealth v. G. Watson, 835 A.2d 786 (Pa.Super. 2003).

"The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." Commonwealth v. Anderson, 995 A.2d 1184, 1192 (Pa.Super. 2010). When a defendant makes statements under oath at the guilty plea colloquy, he is bound by those statements and may not assert grounds for withdrawing the plea which contradict the statements. Commonwealth v. Timchak, 69 A.3d 765, 774 (Pa.Super. 2013).

Prior to accepting Defendant's guilty plea on October 29, 2018, this Court conducted an on-the-record colloquy to ascertain whether the plea was knowingly, voluntarily and intelligently entered and if Defendant was aware of this rights and the consequences of his plea. Commonwealth v. Hodges, 789 A.2d 764, 765 (Pa.Super. 2002). A determination was also made as to Defendant's understanding of:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption

of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement.

Commonwealth v. Kelley, 136 A.3d 1007, 1013 (Pa.Super. 2016) citing Commonwealth v. G. Watson, 835 A.2d 786 (Pa.Super. 2003). See also Pa.R.Crim.P. 590. Defendant was made aware of and understood the criteria provided in the comment to Rule 590 before entering his guilty plea.

Defendant responded appropriately to the questions asked of him during his guilty plea colloquy. He exhibited no confusion and never requested to withdraw his plea. He admitted that he committed the offense of criminal attempt to commit criminal homicide. N.T. 10/29/18 at 6. Before Defendant's sentence was imposed, he took the opportunity to address this court. Defendant admitted that he attacked the victim. N.T. 1/4/19 at 14. He also apologized and expressed remorse. Id.

Neither direct appeal counsel nor trial counsel had any reason to challenge the validity of Defendant's guilty plea. Counsel cannot be deemed ineffective for failing to pursue a meritless claim. Loner, supra.

Defendant was sentenced within the standard range of the sentencing guidelines and his sentence did not exceed the statutory maximum. He was provided with an interpreter at the time of his guilty plea and sentencing. Defendant never exhibited any confusion in connection with the legal proceedings held before this court. He never indicated that he had any difficulty communicating with his counsel. His guilty plea was knowingly, voluntarily and intelligently entered after a thorough colloquy was completed. The March 2, 2021 order dismissing the motion for post-conviction collateral relief should be affirmed.

BY THE COURT:

MICHAEL T. VOUGH,      P.J.

DATE:  November 18, 2021